IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FOSTER L. BOWEN,

        Plaintiff,

v.                          CIVIL ACTION NO. 1:05CV94
                                  (Judge Keeley)

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND REMANDING THE CASE**

      Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 7.02, on June 13, 2005, the Court referred this Social Security action to United States Magistrate James E. Seibert with directions to submit proposed findings of fact and a recommendation for disposition.

      On May 12, 2006, Magistrate Seibert filed his Report and Recommendation and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within ten (10) days after being served with a copy of the Report and Recommendation. The parties did not file any objections.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

### I. PROCEDURAL BACKGROUND

On March 28, 2003, Foster L. Bowen ("Bowen") filed a claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging disability since January 1, 1999. The Commissioner denied the claims initially and on reconsideration. On June 8, 2004, an Administrative Law Judge ("ALJ") conducted a hearing and subsequently determined that Bowen was not disabled within the meaning of the Act.

### II. DISCUSSION

At the time of the hearing, Bowen was 45 years old. He has an 11th grade education. His past relevant work history includes employment as a truck driver.

Bowen contends that the ALJ made an improper credibility determination regarding his allegations of pain and that the ALJ failed to inquire whether the Vocational Expert's ("VE") testimony was consistent with the Dictionary of Occupational Title ("DOT"). In Craig v. Chater, 76 F.3d 585 (4th Cir. 1996), the Fourth Circuit established a two-prong analysis regarding the determination of a claim of disability due to pain. In Craig, the Fourth Circuit held that

BOWEN V. BARNHART                                          1:05CV94

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

> . . . the determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing
>
>> the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptom alleged.*

After review of all of the evidence of record, the Magistrate Judge determined that the ALJ failed to satisfy the first step of the two-prong test established in <u>Craig</u> because he expressly failed to find whether Bowen's impairments were capable of causing the degree and type of pain alleged. The Magistrate Judge recommended that this matter be remanded to the Commissioner to determine if Bowen has an objectively identifiable medical impairment capable of causing the alleged pain

The Magistrate Judge further determined that there was no discrepancy between the VE's testimony and the information provided in the DOT. Therefore, the Magistrate Judge determined that this issue did not need to be remanded.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

### III. CONCLUSION

The Court **ORDERS** that this civil action be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), for further proceedings consistent and in accord with the recommendations contained in the Magistrate Judge's report and recommendation. Accordingly,

1. The defendant's motion for Summary Judgment (Docket No. 12) is **DENIED**;

2. The plaintiff's motion for Summary Judgment (Docket No. 11) is **GRANTED-IN-PART** and **DENIED-IN-PART**;

3. The matter is **REMANDED** to the Commissioner to determine if Bowen has an objectively identifiable medical impairment capable of causing the pain he alleges; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in Shalala v. Schaefer, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days thereafter.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: June 6, 2006.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE