IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FOSTER L. BOWEN,

        Plaintiff,

v.                                                              CIVIL ACTION NO. 1:05-CV-94
                                                                        (Judge Keeley)

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION/OPINION**

On June 13, 2001, Foster L. Bowen ["Plaintiff"] filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security ["Defendant"]. The Court referred the matter to the United States Magistrate Judge James E. Seibert, who on May 12, 2006, issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be granted, and the claim be remanded to the Commissioner. [Docket Entry 14]. On June 6, 2006, the District Court adopted Magistrate Judge Seibert's Report and Recommendation, granting Plaintiff's Motion for Summary Judgment and remanding the action to the Commissioner for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g).

On July 11, 2006, Plaintiff filed a "Motion for Attorney Fees" seeking attorney's fees and expenses in the amount of $1,870.59, representing 11.82 hours of work by Plaintiff's counsel, Michael Miskowiec [Docket Entry 17]. Defendant filed a "Brief in Opposition to Plaintiff's Motion for Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act" on July

10, 2006 [Docket Entry 19]. Plaintiff filed his Reply on July 19, 2006 [Docket Entry 21]. This matter was referred to the undersigned United States Magistrate Judge for resolution by Chief United States District Judge Irene M. Keeley on July 11, 2006 [Docket Entry 20].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The Commissioner objects to the Plaintiff's fee petition on the basis that her litigation position was substantially justified. Plaintiff argues that the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' " EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation," we must consider the "totality of the circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was

2

not "substantially justified" for an abuse of discretion. *See Pierce, 487 U.S. at 562-63, 108 S.Ct. 2541*.

Id. at 244-245.

In the case at bar, Plaintiff contended: 1) The ALJ's conclusion that Plaintiff's testimony concerning pain and limitations is not credible is not supported by substantial evidence; and 2) Even if the ALJ's findings concerning Plaintiff's RFC are supported by substantial evidence, there is not evidence to meet the Commissioners' burden of proving there is other work Plaintiff could do.

The District Court remanded the case solely to make the express threshold (step one) determination under Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). The Court agreed with the defendant and with the Magistrate Judge that there was no discrepancy between the VE's testimony and the information provided in the DOT, and that the case need not be remanded on this basis.

The undersigned finds that, even though the claim was reversed and remanded, the Commissioner's position regarding the first Craig step was substantially justified. As this Court has found on numerous occasions, this precise issue has generated conflicting opinions in the District Courts of the Fourth Circuit. The Southern District of West Virginia has held, as has the Northern District, that an ALJ "must expressly consider the threshold question" of whether the claimant has an impairment that could cause symptoms resulting in pain. Hill v. Commissioner, 49 F. Supp. 2d 865 (S.D.W.Va. 1999). Other district courts within the Fourth Circuit, however, have held that the ALJ did not err in failing to meet the first step of the two-step pain analysis under Craig if the ALJ 1) implicitly performed a part one pain analysis or 2) otherwise thoroughly evaluated both the objective evidence and the subjective complaints. See, e.g., Pittman v. Massanari, 141 F. Supp. 2d 601 (N.D.N.C. 2001), which states:

3

> The record contains evidence of Plaintiff's post-tibial fracture bony defect – a condition which *could* reasonably be expected to produce some of the pain claimed by Plaintiff – and thus the ALJ **essentially** found that Plaintiff could satisfy the first prong of the test articulated in *Craig*. However, the ALJ evaluated the "intensity and persistence of his pain, and the extent to which it affects his ability to work," and essentially found Plaintiff's subjective description of his limitations not credible.

(Emphasis added). See also Perkins v. Apfel, 101 F.Supp.2d 365, 373 (D. Md. 2000), and Ketcher v. Apfel, 68 F.Supp.2d 629, 650-52 (D. Md. 1999). In Ketcher, the court found:

> Although the ALJ did not specifically state that the claimant's alleged pain could result from these medically determined impairments, it is clear that the ALJ made this determination since he noted that the impairments were "severe" and affected his functional capacity. Even if the ALJ failed to make an express finding at step one of the pain analysis, the ALJ correctly applied step two of the analysis.

Id. at 651 (internal citations omitted).

A careful review of the entirety of the record reflects a number of inconsistencies between Bowen's claims of pain and inability to function and the objective medical evidence contained in the record. The ALJ substantially reviewed Bowen's medical records and correctly concludes that the physicians, including treating physicians did not note pain, treatment for pain or functional limitations consistent with the pain asserted by the patient. Despite the fact that the claim was remanded for a technical failure of the ALJ to include a sentence in his Decision that reflects he had performed the Step One *Craig* analysis, the undersigned United States Magistrate Judge finds under the "totality of the circumstances," that the Commissioner's position was "justified to a degree that could satisfy a reasonable person" and had a "reasonable basis in both law and fact." Hyatt v. Barnhart, 315 F.3d 239 (4th Cir. 2002)(quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).

## RECOMMENDATION

4

For all the above reasons, the undersigned respectfully recommends Plaintiff's Motion for Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412" [Docket Entry 17] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 9th day of August, 2006.

/s *John S. Kaull*

**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**