IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FOSTER L. BOWEN,

       Plaintiff,

v.                         CIVIL ACTION NO. 1:05CV94
                         (Judge Keeley)

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on July 10, 2006, the Court referred the "Motion for Attorney Fees and Application for Fees and Other Expenses Under the Equal Access to Justice Act" filed by counsel for the plaintiff in this Social Security action to United States Magistrate John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition. On August 10, 2006, Magistrate Kaull filed his Report and Recommendation ("R&R") and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within ten (10) days after being served with a copy of the Report and Recommendation. The parties did not file any objections.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Upon consideration of Magistrate Judge Kaull's recommendation and having received no written objections,[1] the Court adopts the Report and Recommendation. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report and Recommendation be accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly, the Court **DENIES** plaintiff's application for fees and expenses pursuant to Equal Access to Justice Act (dkt. no. 18).

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: March 28, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140,148-153 (1985).